**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

GWENDOLYN RICE                                                                 PLAINTIFF

VS.                                                        CIVIL ACTION NO.: 4:25-cv-143-JDM-JMV

WEST BOLIVAR CONSOLIDATED SCHOOL DISTRICT                        DEFENDANT

**ORDER DIRECTING CLERK TO REISSUE SUMMONS, DIRECTING SERVICE, AND
EXTENDING DEADLINE TO SERVE**

This matter is before the Court *sua sponte* to direct the Clerk to reissue summons for the

Defendant in this case and to direct the U.S. Marshal to serve the summons in accordance with 28

U.S.C. § 1915.

On November 18, 2025, the undersigned directed the Clerk to issue process for Defendant

at the address provided by Plaintiff which was listed in the order. [Doc. 7]. The order also directed

the U.S. Marshal to serve process in accordance with 28 U.S.C. § 1915 as directed in the summons.

*Id*. Summons was issued by the Clerk and forwarded to the U.S. Marshal for service, bearing the

address provided by Plaintiff. [Doc. 8]. On December 18, 2025, the summons was returned as

executed by the U.S. Marshal, with the summons having purportedly been served upon the

Superintendent by email.  [Doc. 9]. This email address was not listed on the summons issued by

the Clerk. [Doc. 8].

Then, on February 9, 2026, the undersigned entered an Order Directing Clerk to Reissue

Summons, Directing Service, and Extending Deadline to Serve [Doc. 11]. Thereafter, the clerk

reissued summons to West Bolivar Consolidated School District and forwarded it to the U.S.

Marshal for service [Doc. 12]. On February 20, 2026, the summons was returned as executed by

the U.S. Marshal with a fee of $409.35 ($260.00, plus $149.35 for travel). [Doc. 13]. Despite the

1

undersigned's prior order explicitly stating how service may be properly accomplished, the summons recites as follows:

> The process was left with Tekesha Taylor Executive Assistant. She tried contacting the school superintendent by phone but did not get an answer. She was unsure if he would return today so I left the process in her care.

[Doc. 13] at 1.

As the Court previously provided, in Mississippi, school districts are political subdivisions. Miss. Code Ann. § 37-6-5. Accordingly, the Federal Rules of Civil Procedure allow service on a school district through its chief executive officer or in accordance with state law. Fed. R. Civ. P. 4(j). Mississippi law allows for service "by delivering a copy of the summons and complaint to the person, officer, group or body responsible for the administration of that entity or by serving the appropriate legal officer, if any, representing the entity." Miss. R. Civ. P. 4(d)(8). *See Price v. Tunica Cnty. Sch. Dist.*, No. 4:20-CV-16-DMB-RP, 2020 WL 7081597, at *4 (N.D. Miss. Dec. 3, 2020). Service by email does not comply with the Rules, nor does service upon an executive assistant. *See Anderson v. Pascagoula School District*, 218 So. 3d 296, 300 (Miss Ct. App. 2017); *see also Price*, 2020 WL 7081597, at *4 (N.D. Miss. Dec. 3, 2020) (Although the defendant held "an administrative position as the assistant superintendent," it was unclear whether this position qualified him as an "officer" or member of the "group or body responsible for the administration" of the School District in accordance with Mississippi Rule of Civil Procedure 4). Accordingly, the Court hereby *sua sponte* directs the Clerk to reissue summons for the Defendant in this case and to direct the U.S. Marshal to serve process in accordance with 28 U.S.C. § 1915 and the Court's prior orders.

IFP plaintiffs are "entitled to rely upon service by the U.S. Marshals and should not be penalized for the failure of the Marshal's Service to properly effect service of process." *Rochon v.*

*Dawson,* 828 F.2d 1107, 1110 (5th Cir. 1987). When the U.S. Marshal **"fails to serve a properly**

addressed summons to a defendant,**"** good cause generally exists for extending the time for service.

*See Cornish v. Tex. Bd. of Crim. Justice Office of the Inspector Gen.*, 141 F. App'x 298, 301 (5th

Cir. 2005). Thus, the Court will also extend the time to serve up to and including April 30, 2026.

      **SO ORDERED** this, the 30th day of March, 2026.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**